MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**DERAK TERRALL CARRINGTON**

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

City of Detroit, Buildings, Safety Engineering and Environment Department, Dangerous Buildings Division,

Anthony Abela on behalf of Homrich Wrecking Inc a.k.a. Homrich 4 Detroit

Douglas S. Parker on behalf of the Detroit Land Bank Non-Profit Association

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No.

_____
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

Case: 2:23-cv-12978
Assigned To : Drain, Gershwin A.
Referral Judge: Grand, David R.
Assign. Date : 11/22/2023
Description: CMP DERAK
CARRINGTON V CITY OF DETROIT ET
AL (SS)

## Complaint for a Civil Case



MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | DERAK TERRALL CARRINGTON |
| Street Address | 19915 LITCHFIELD |
| City and County | DETROIT          WAYNE |
| State and Zip Code | MICHIGAN                    48221 |
| Telephone Number | 313-408-6629 |
| E-mail Address | YH57DTC@YAHOO.COM |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | City of Detroit, Buildings, Safety Engineering and |
| Job or Title (if known) | Environment Dept, Dangerous Buildings Di |
| Street Address | 2 Woodward Avenue, 4th Floor Suite 418, |
| City and County | DETROIT          WAYNE |
| State and Zip Code | MICHIGAN               48201 |
| Telephone Number | 313-224-2733 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | HOMRICH WRECKING INC DBA HOMRICH 4 |
| Job or Title (if known) | DEETROIT |
| Street Address | 3033 Bourke Street |
| City and County | DETROIT                    WAYNE |
| State and Zip Code | MICHIGAN               48238 |
| Telephone Number | 734-654-9800 |
| E-mail Address (if known) | |

2

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

Defendant No. 3

| | |
|---|---|
| Name | Detroit Land Bank Community Dev Corporation |
| Job or Title (if known) | |
| Street Address | 500 GRISWOLD, SUITE 1200 |
| City and County | DETROIT        WAYNE |
| State and Zip Code | MICHIGAN      48226 |
| Telephone Number | 313-974-6889 |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

3

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

A.   **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

TITLE 28

B.   **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual
The plaintiff, *(name)* _____,
is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation
The plaintiff, *(name)* _____,
is incorporated under the laws of the State of *(name)*
_____, and has its principal place of business in the
State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual
The defendant, *(name)* _____, is a citizen of the
State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

b.    If the defendant is a corporation
The defendant, *(name)* _____, is incorporated
under the laws of the State of *(name)* _____, and
has its principal place of business in the State of *(name)*
_____. *Or* is incorporated under the laws of
*(foreign nation)* _____, and has its principal place
of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

THE AMOUNT IN CONTROVERSY IS OVER $200,000.00

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

SEE ATTACHED COMPLAINT

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Therefore, plaintiff request that this court accept jurisdiction of this cause and set it for hearing; Enter an injunction preventing the defendant from taking any actions against the asset o until this matter has been adjudicated. • Allow Plaintiff time to exhaust his administrative remedies.

A. Declare that Defendant violated Plaintiff's constitutional right to procedural due process by attempting demolition without proper notice, opportunity to be heard, impartial decision maker, rational basis, or written justification.

B. Declare that Defendant's conduct constitutes an unconstitutional regulatory taking of Plaintiff's Property without just compensation.

C. Award Plaintiff damages for Defendant's breaches of contract and conduct inducing reasonable detrimental reliance.

D. Award Plaintiff damages for the impairment of his investment value and equity interest in the Property resulting from Defendant's actions.

E. Award Plaintiff compensation for the loss of sales revenue from the cancelled purchase agreement due to Defendant's improper demolition plans.

F. Award Plaintiff damages for the intentio• Plaintiff reserves the right to amend the complaint.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 20             , 20 23     .

Signature of Plaintiff

Printed Name of Plaintiff    Derak T. Carrington

6

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**Additional Information:**

JS 44 (Rev 08/16)

# CIVIL COVER SHEET

County in which action arose: WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DERAK TERRAL CARRINGTON

**DEFENDANTS**
City of Detroit, Buildings, Safety Engineering and Environment Department, Dangerous Buildings Division, ET AL.

**(b)** County of Residence of First Listed Plaintiff   WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   WAYNE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO PER
19915 LITCHFIELD, DETROIT, MICHIGAN 48221
313-408-6629

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

■ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ■ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE 28
Brief description of cause:
Misuse of government resources, false claims with intent to steal, violation of civil rights, violation of due process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ■ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                DOCKET NUMBER

DATE
November 22, 2023
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?            ☐ Yes
                                                                      ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.     Other than stated above, are there any pending or previously
       discontinued or dismissed companion cases in this or any other       ☐ Yes
       court, including state court? (Companion cases are matters in which   ☑ No
       it appears substantially similar evidence will be offered or the same
       or related parties are present and the cases arise out of the same
       transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

UNITED STATES FEDERAL COURT

EASTERN DISTRICT OF MICHIGAN

Derek Terrall Carrington,                          )
                                                   )
      Plaintiff,                             )          Case No.:
                                                   )          Judge
vs.                                                )          Magistrate
                                                   )
City of Detroit, Buildings, Safety Engineering     )
and Environment Department, Dangerous              )
Buildings Division,                                )          JURY DEMAND
Anthony Abela on behalf of Homrich Wrecking Inc
 a.k.a. Homrich 4 Detroit
Douglas S. Parker on behalf of the Detroit Land Bank
Non-Profit Association                  )
      Defendant.                             )
_____)


Derek Terrall Carrington
Plaintiff in Pro Per
19915 Litchfield,
Detroit Michigan 48221
313-408-6629
yh57dtc@yahoo.com

## COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure Plaintiff, Derak T Carrington

("Plaintiff") respectfully files this Complaint for Permanent Injunction, Jurisdiction and federal

question and Other Equitable Relief. Through this Complaint and Claim, Defendants all were

significantly involved in planning and perpetrating the scheme that has victimized the Plaintiff.  It is

believed that these Defendants engaged in practices that encourage the continued violation of due

process and more.


COMES NOW Plaintiff Derek Terrall Carrington (hereinafter, "Plaintiff"), pro se, hereby

files  this  Complaint  against  Defendant  City  of  Detroit,  Buildings,  Safety  Engineering  and

Environment Department, Dangerous Buildings Division (hereinafter, "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking declaratory and injunctive relief as well as damages resulting from Defendant's improper and unlawful attempts to demolish Plaintiff's property located at 13810 Fenkell, Detroit, Michigan ("the Property") without due process.

2. Defendant failed to provide proper notice of alleged outstanding fees and rejected Plaintiff's good faith attempts to resolve the disputed fees.

3. Defendant contradicted its own representations that it would cease the demolition after Plaintiff completed required applications and paid assessed fees.

4. Defendant has targeted Plaintiff's property in the past through similar arbitrary practices.

5. Defendant's actions have caused Plaintiff substantial irreparable harm, including loss of equity, investment value, and sales revenue.

6. Defendant's demolition plans violate Plaintiff's procedural due process rights and constitute an illegal taking without just compensation.

## JURISDICTION AND VENUE

Jurisdiction and venue are otherwise proper in this court pursuant to Title 28 § 5118 Sub sec (2) (D) (Plaintiff believes there is not a remedy in the STATE court; Title 28 U.S.C. § 1333 to enforce the law and find remedy; Title 28, §1441 Sec (A) and US constitution 5th and 14 the Under 28 U.S.C. § 1331, a case arising under the United States Constitution in addition to 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.

This Court has personal jurisdiction over defendants because the claims arise from the transaction of business, the negotiation of collectively bargained agreements, and other conduct between the defendants, all of which occurred in this State.

This Court has subject matter jurisdiction pursuant to: 28 USC 1331 because the claims arise under the laws of the United States; 28 USC 1337(a) because the claims arise under an Act of Congress regulating commerce; and because the claims concern the violation of contracts and/or contract negotiations

7.   To the extent the claims allege violations of state law, this Court has supplemental jurisdiction over state law claims pursuant to 28 USC 1367, because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

## PARTIES

8.  Plaintiff Derek Terrall Carrington (hereinafter, "Plaintiff") is residing at an address 19915 Litchfield, Detroit, Michigan 48221.

9.  Defendant City of Detroit, Buildings, Safety Engineering and Environment Department, Dangerous Buildings Division (hereinafter, "Defendant" or "City") has its registered office at Coleman A. Young Municipal Center, 2 Woodward Avenue, 4th Floor Suite 418, Detroit Michigan 48226

10. Defendant Anthony Abela on behalf of Homrich Wrecking Inc also known as Homrich 4 Detroit (hereinafter, Defendant "Homrich") has its registered office at 3033 Bourke Street, Detroit Michigan 48328.

11. Defendant Douglas S. Parker Detroit Land Bank Community Development Corporation (hereinafter DLB) has its registered office at 500 Griswold, Suite 1200, Detroit, Michigan 48226.

## FACTUAL ALLEGATIONS

12. Plaintiff, Derek Terrell Carrington, is the owner of the commercial building located at 13810 Fenkell, Detroit, MI ("the Property"). Plaintiff has owned the Property for several years and has invested substantial time and resources to maintain and improve the Property.

13. In August 2023, without any prior notice of code violations, Defendant City arbitrarily issued a demolition order declaring the Property "blighted."

14. The Property was not blighted. Plaintiff had actively maintained and monitored the Property. Any damage was caused by criminal trespassers which Plaintiff promptly repaired.

15. Upon receiving the demolition notice, Plaintiff immediately contacted Defendant City's Dangerous Buildings Division by phone and in writing. Defendant City's agents instructed Plaintiff to complete specific application forms, herein Demolition Clearance Form, along with other, and asked to pay assessed fees before the demolition deadline to remove the Property from the demolition list.

16. Relying on Defendant City's representations, Plaintiff promptly completed all application paperwork, including but not limited to Demolition Clearance Form and paid all blight fees quoted by Defendant City, totaling over $268 on or about July 25, 2023, as for the invoice raised against Plaintiff for the Property as "Total Amount Due" on May 26, 2023 for the amount of $268. Plaintiff retained receipts and records of these applications and payments, as is attached here as exhibits.

17. In October 2023, Defendant City sent another baseless demolition notice for the Property to Plaintiff. Plaintiff again contacted Defendant's supervisors, who could not locate Plaintiff's previous applications or fee payments.

18. After much effort, Plaintiff convinced Defendant' City's staff to locate the previous applications and payments. However, Defendant City then arbitrarily demanded Plaintiff to complete a new application and pay additional unspecified fees before it would halt demolition plans.

19. Plaintiff again promptly completed the second set of application forms and paid all additional fees, on October 27, 2023, quoted by the Defendant, totaling $134, in good faith reliance on Defendant City ceasing the unjust demolition efforts. Plaintiff retained receipts and records of these applications and payments.

20. Without notice, Defendant Homrich installed an illegal fence on the Property in November 2023 in preparation for demolition, removed one of the doors, and brought demolition equipment on site, including a crane.

21. When Plaintiff demanded explanation for the continued demolition plans, Defendant City vaguely claimed there were unpaid "back fees" exceeding $8,000.

22. Defendant City was unable or unwilling to provide any documentation or basis for these allegedly unpaid "back fees." Plaintiff had never received any prior notice of amounts due.

23. Defendant City misconduct of demanding fees in excess of $8,000 is false, misleading, frivolous, and arbitrary demanding, as they demand an invoice as raised by the Defendant City itself was already paid by the Plaintiff in its entirety, and therefore Defendant City does not possess any further outstanding rights to claim any further demand on the Property.

24. Despite this, Plaintiff immediately offered to pay the claimed fees by installments, as the Defendant City was breaking the house and there was no other way to stop Defendant City, but the Defendant City refused any payment plans, and rejected Plaintiff's offer. The Defendant claimed the full $8,000 had to be paid immediately to stop demolition, as was again an arbitrary demand without any reasonable basis, and all demands were already satisfied in its entirety by the Plaintiff.

25. Over the past several months, Plaintiff made significant efforts to clean and maintain the Property. However, trespassers repeatedly vandalized the Property by breaking windows and doors. Plaintiff would promptly repair each act of vandalism.

26. In August 2023, Plaintiff entered into a purchase agreement to sell the Property for $200,000. However, once the buyer learned of all the Defendants improper demolition actions, the buyer

withdrew from the agreement in late October 2023, causing Plaintiff over $200,000 in lost revenue.

27. Defendant City has unlawfully demolished other properties belonging to Plaintiff through similar dubious procedures. All the Defendant have a history of targeting and harassing Plaintiff.

28. In the past, the Defendant City has attempted similar improper demolitions of other properties owned by Plaintiff, that mysteriously caught fire and the Defendant city decided to remove all of the rubble and claim the land without contacting the owner.

29. The plaintiff is being unfairly and intentionally targeted by the Defendants for demolition of this Property.

30. Defendants' actions have improperly deprived Plaintiff of his substantial investment in and equity in the Property without compensation or due process.

31. All the Defendant continues to threaten the Property with baseless demolition.

## CAUSES OF ACTION
### (I)
### Procedural Due Process Violation

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

33. The Fourteenth Amendment prohibits states from depriving any person of life, liberty, or property without due process of law.

34. Plaintiff has a constitutionally protected property interest in his real estate located at 13810 Fenkell, Detroit, MI.

35. Defendants are required to provide Plaintiff adequate due process before attempting to demolish his property.

36. At a minimum, due process requires Defendants to:

    a.    Provide adequate notice detailing the grounds and basis for Defendant Homrich demolition;

    b.    Allow Plaintiff a meaningful opportunity to be heard and challenge the demolition order;

    c.    Provide Plaintiff an impartial decision-maker;

    d.     Allow Plaintiff to present evidence contradicting the demolition and cross examine witnesses;

    e.     Articulate written reasons for any adverse actions against Plaintiff.

37. Defendant violated Plaintiff's procedural due process rights by:

    a.     Failing to provide proper notice of the alleged "back fees" grounds for demolition;

    b.     Denying Plaintiff an opportunity to be heard regarding the disputed fees;

    c.     Failing to provide a basis, process, or venue for challenging the demolition;

    d.     Issuing contradictory decisions undeserving of judicial deference.

38. As a direct result of Defendant's violations, Plaintiff suffered damages, including inability to sell the Property at fair market value, impairment of Plaintiff's equity and investment value in the Property, demolition preparation costs, and severe emotional distress.

39. Plaintiff is entitled to a declaration that Defendant violated his procedural due process rights and an injunction barring further unconstitutional action.

### (II)
### Unconstitutional Taking

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

41. The Fifth Amendment, applicable to states under the Fourteenth Amendment, prohibits taking of private property for public use without just compensation.

42. Defendant's conduct amounts to an unconstitutional regulatory taking of Plaintiff's Property without just compensation.

43. Defendants seeks to demolish Plaintiff's Property for the public purpose of removing alleged "blight."

44. Defendants arbitrarily and irrationally pursued demolition despite Plaintiff's substantial efforts to maintain and improve the Property.

45. Defendant City rejected Plaintiff's good faith efforts to resolve alleged outstanding fees.

46. Defendant City contravened its own assurances that compliance would stop demolition plans.

47. Defendant City failed to substantiate any rational basis or necessity for destroying Plaintiff's Property.

48. Defendants abused its regulatory powers by employing unconstitutional means for inappropriate ends.

49. Defendant's actions have already substantially deprived Plaintiff of the economically viable use and value of his Property.

50. The character of Defendant's actions excessively burdens Plaintiff compared to any minimal public benefit.

51. Justice and fairness require Defendant compensate Plaintiff for the regulatory taking of his Property.

52. Defendant has not provided or offered any just compensation for the taking.

53. Defendant's unconstitutional regulatory taking has caused Plaintiff significant financial loss and emotional distress.

**(III)**

**Breach of Contract**

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

55. Plaintiff and Defendant entered into a binding oral contract in which Defendant agreed to cease its demolition plans if Plaintiff completed certain specified applications and paid assessed fees.

56. The essential terms of the parties' contract include:

    a.    Plaintiff agreed to complete Defendant City's Demolition Clearance Form, permit applications, and any other required paperwork;

    b.    Plaintiff agreed to pay all blight and permit fees quoted by Defendant City;

    c.    In exchange, Defendant City agreed to stop its demolition plans and remove the Property from the demolition list;

    d.    Plaintiff promptly satisfied his obligations under the contract by completing all required applications and paying all assessed fees.

57. Plaintiff and Defendants each provided valuable consideration in entering into this contract.

58. Plaintiff fully performed his contractual obligations, expending substantial time and resources complying with Defendant's demands.

59. Defendant City materially breached the contract by refusing to uphold its end of the bargain after Plaintiff satisfied all requirements.

60. Despite Plaintiff's compliance, Defendant City and Defendant Homrich continued its unlawful demolition plans in breach of the parties' agreement.

61. Defendant City's breaches have caused Plaintiff substantial harm, including inability to sell the Property at fair market value, impairment of Plaintiff's equity and investment, demolition preparation costs, and severe emotional distress.

62. Plaintiff is entitled to damages stemming from Defendant City's contractual breaches and bad faith conduct.

### (IV)
### Promissory Estoppel

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

64. Defendant City made clear and definite promises that it would cease the demolition plans if Plaintiff completed certain applications and paid assessed fees.

65. Plaintiff reasonably and foreseeably relied on Defendant's promises by diligently completing all required applications and paying all quoted fees, expending considerable time, effort and resources.

66. Plaintiff's reliance on Defendant's promises was reasonable and made in good faith. Plaintiff had no reason to doubt Defendant City would uphold its end of the bargain if Plaintiff satisfied the requirements.

67. Injustice can only be avoided by enforcing Defendant's promises because Plaintiff gave up other options he could have pursued absent Defendant's assurances.

68. Specifically, Plaintiff lost the opportunity to:

    a.    Challenge the initial demolition order in court;

     b.     Seek a second opinion contradicting Defendant's determination the Property was blighted;

     c.     Attempt to sell the Property before demolition plans encumbered it;

     d.     Explore relocating his business to mitigate harm from the Property's loss.

69. Defendants reasonably should have expected its representations to induce Plaintiff to act as he did.

70. Plaintiff's reliance on Defendant City's promises caused him substantial injury, including impairment of Plaintiff's equity and investment value in the Property, demolition preparation costs, and severe emotional distress.

71. Equitable estoppel is necessary to avoid injustice to Plaintiff after acting in reasonable reliance on Defendant City's false promises to his detriment.

### (V)
### Intentional/Negligent Infliction of Emotional Distress

72. Plaintiff repeats and alleges the foregoing paragraphs as if fully set forth herein.

73. Defendants engaged in extreme, outrageous, and intolerable conduct by unlawfully and arbitrarily pursuing demolition of Plaintiff's Property.

74. Defendant City failed to provide proper documentation or explanations for the disputed "back fees."

75. Defendant City rejected Plaintiff's reasonable offer to pay the fees in installments and demanded immediate full payment without basis.

76. Defendant City contravened its own representations and procedures regarding halting the demolition after Plaintiff's compliance.

77. Defendant City has targeted Plaintiff's properties for similar improper demolitions in the past.

78. Defendant Horwich maliciously erected fencing removed a door, and brought demolition equipment on site, causing Plaintiff severe distress.

79. Defendants knew or should have known its actions would cause Plaintiff emotional distress.

80. Defendants intentionally disregarded that risk and deliberately persisted in extreme and outrageous conduct with no legitimate purpose.

81. In the alternative, Defendants acted with reckless disregard to the likelihood its conduct would cause Plaintiff severe emotional distress.

82. Defendant's actions exceeded all reasonable bounds of decency tolerated by a civilized community.

83. Defendant's outrageous conduct caused Plaintiff severe emotional distress, mental anguish, anxiety, sleeplessness, humiliation, and lasting harm.

84. A reasonable person in Plaintiff's position would suffer extreme distress from Defendant's egregious actions targeting and threatening Plaintiff's property.

### (VI)
### Negligence

85. Plaintiff repeats and realleges the paragraphs above as if fully set forth herein.

86. Defendants owed Plaintiff a duty to act with reasonable care in enforcing city housing and construction codes against Plaintiff's Property.

87. Defendants breached its duties by:

   a.  Issuing arbitrary and unreasonable demolition orders without proper inspection, notice, or opportunity to repair;

   b.  Failing to maintain proper records of Plaintiff's permit applications, fee payments, and compliance efforts;

   c.  Misrepresenting to Plaintiff that complying with certain applications and payments would halt demolition;

   d.  Refusing to provide documentation or a rationale for the additional "back fees" claimed as due;

   e.  Rejecting Plaintiff's good faith offer to pay the disputed fees in installments;

   f.  Disregarding Plaintiff's substantial investment in the Property and reliance on Defendant's representations;

g.    Pursuing unlawful demolition plans despite Plaintiff's compliance with all ordered repairs and payments.

88. Defendant's breaches directly and proximately caused Plaintiff substantial damages, including loss of equity, investment value, sales revenue from a cancelled purchase contract, and demolition preparation costs.

89. Defendants knew or should have known its breaches alleged above posed a high risk of harm to Plaintiff.

90. Defendant acted recklessly and/or negligently in breaching its duties owed to Plaintiff regarding enforcement, notice, demolition procedures, representations, record-keeping, and efforts to resolve disputed fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendant as follows:

A.  Declare that Defendant violated Plaintiff's constitutional right to procedural due process by attempting demolition without proper notice, opportunity to be heard, impartial decision maker, rational basis, or written justification.

B.  Declare that Defendant's conduct constitutes an unconstitutional regulatory taking of Plaintiff's Property without just compensation.

C.  Award Plaintiff damages for Defendant's breaches of contract and conduct inducing reasonable detrimental reliance.

D.  Award Plaintiff damages for the impairment of his investment value and equity interest in the Property resulting from Defendant's actions.

E.  Award Plaintiff compensation for the loss of sales revenue from the cancelled purchase agreement due to Defendant's improper demolition plans.

F.  Award Plaintiff damages for the intentional/negligent infliction of emotional distress caused by Defendant's outrageous conduct.

G.  Grant injunctive relief barring further unconstitutional demolitions and/or mandating that Defendant implement and follow proper notice procedures.

H.  Grant any other relief this Court deems just and equitable under the circumstances.

Plaintiff reserves the right to amend his complaint.

Date: November 20, 2023

Respectfully Submitted,

**/S/ Derak T. Carrington**
Derek Terrall Carrington
Plaintiff, Pro Se