UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERAK TERRALL CARRINGTON,

      Plaintiff,

v.

Case No.: 2:23-cv-12978
Hon. Gershwin A. Drain

DETROIT BUILDINGS
SAFETY ENGINEERING AND
ENVIRONMENT
DEPARTMENT, *et al.*,

      Defendants.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 41] AND GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 11, 16, 21]**

### I.     INTRODUCTION

In November 2023, Plaintiff Derak Terrall Carrington, proceeding *pro se*, brought the instant action against Detroit Buildings Safety Engineering and Environment Department ("DBSEED"), Homrich Wrecking, Inc. ("Homrich"), and Detroit Land Bank Community Development Corporation ("DLBCDC"), alleging that the parties had wrongfully demolished a commercial building he owned, located at 13810 Fenkell, Detroit, MI (the "Fenkell Property"). ECF No. 1, PageID.13. Plaintiff brought claims for violation of procedural due process, unconstitutional taking, breach of contract, promissory estoppel, intentional and negligent infliction

1

of emotional distress, and negligence. *Id.* at PageID.15–21. The Court referred all pretrial matters to Magistrate Judge David. R. Grand. ECF No. 8.

All Defendants brought Motions to Dismiss. *See* ECF No. 11; ECF No. 16; ECF No. 21. In a Report and Recommendation ("R&R"), Magistrate Judge Grand recommended the Court grant these Motions. *See* ECF No. 41. First, Magistrate Judge Grand concluded, pursuant to Rule 12(b)(6), that Defendant DBSEED and Defendant Homrich's Motions to Dismiss should be granted because Plaintiff does not own the Fenkell Property and therefore lacks prudential standing to assert his constitutional claims. *Id.* at PageID.346–47. Magistrate Judge Grand did not consider Plaintiff's tangential state law claims, stating that the Court should decline to exercise supplemental jurisdiction over them. *Id.* at PageID.41 n.7. Second, Magistrate Judge Grand concluded, pursuant to Rule 12(b)(5), that Defendant DLBCDC's Motion to Dismiss must be granted because Plaintiff failed to properly serve Defendant DLBCDC.[1] *Id.* at PageID.347–48.

Plaintiff raised seven objections to Magistrate Judge Grand's R&R. ECF No. 42. Only Defendant Homrich filed a response to Plaintiff's objections. ECF No. 46. The Court has considered the briefing, the R&R, and Plaintiff's objections, and

---

[1] Although Defendant DLBCDC did not raise this issue itself, Magistrate Judge Grand noted that the standing analysis applies equally to DLBCDC and is another ground upon which to dismiss the case against DLBCDC. *See* ECF No. 41, PageID.347.

concludes that it will **ACCEPT AND ADOPT** Magistrate Judge Grand's R&R [ECF No. 41], **OVERRULE** Plaintiff's objections, and **GRANT** Defendants' Motions to Dismiss [ECF No. 11; ECF No. 16; ECF No. 21].

## II. ANALYSIS

The standard of review when examining an R&R is set forth in 28 U.S.C. § 636. It states that the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). It may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

Having considered the parties' arguments and Plaintiff's objections, the Court concludes that Magistrate Judge Grand arrived at the correct result for the reasons stated in his R&R.[2] The Court will address each of Plaintiff's objections and explain its reasoning for disregarding them.

---

[2] Magistrate Judge Grand found that Plaintiff lacked standing—specifically, prudential standing—because he asserts the rights of his LLC, not of himself; as such, Magistrate Judge Grand recommended dismissal for failure to state a claim under Rule 12(b)(6). *See* ECF No. 41, PageID.346.

In the Sixth Circuit, the law is unsettled about whether the issue of prudential standing is more appropriately considered in a Rule 12(b)(6) motion (dismissal for failure to state a claim) or a Rule 12(b)(1) motion (dismissal for lack of subject matter jurisdiction). *Compare Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 Fed. App'x 409, 410–11 (6th Cir. 2013) (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)) (noting that constitutional and prudential standing are "more properly considered an attack on the court's subject-matter

### a. Objection I: Procedural Due Process Violations

Plaintiff's first objection is that Magistrate Judge Grand "failed to adequately address" his allegations of procedural due process violations. ECF No. 42, PageID.350.

This objection has no merit because it ignores Magistrate Judge Grand's finding that Plaintiff lacks standing to contest the procedural due process issue. Therefore, this objection is overruled.

---

jurisdiction under Rule 12(b)(1)[,]" but citing a Fifth Circuit case that states that a prudential standing issue should be resolved in a 12(b)(6) motion); *and Smith v. Fed. Housing Fin. Agency*, No. 4:12-cv-54, 2013 WL 12121335, at *2 (E.D. Tenn. Sept. 24, 2013) ("Where a challenge is made to a party's constitutional or prudential standing, the motion is properly brought under Rule 12(b)(1)."); *with White v. Stephens*, No. 13-cv-2173-JDT-tmp, 2014 WL 726991, at *9–*10 (W.D. Tenn. Jan. 14, 2014) (analyzing prudential standing issue in the 12(b)(6) context).

Even if the Court analyzes the parties' Motions under Rule 12(b)(1), however, it does not make a difference to the outcome here. To determine the existence of subject-matter jurisdiction, the court is "free to weigh the evidence"—specifically, matters outside of the pleadings. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). It is the plaintiff's burden of proof to establish that jurisdiction exists, and no presumptive truthfulness applies to the plaintiff's claims. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citations omitted). The application of this standard only renders superfluous Magistrate Judge Grand's discussion about what evidence he could consider in ruling on the Motions, *see* ECF No. 41, PageID.339, 345, because a court may consider *any* evidence when a jurisdictional issue is raised. *See Ritchie*, 15 F.3d at 598. The rest of Magistrate Judge Grand's analysis remains intact. Plaintiff did not meet his burden to demonstrate the existence of standing and, consequently, subject-matter jurisdiction. *See* ECF No. 41, ECF No. 345–46.

### b. Objection II: Real Party in Interest and Standing

Plaintiff's second objection is that Magistrate Judge Grand's recommendation "overlooks the possibility of a real-party-in-interest substitution and the plaintiff's personal injuries." *Id.* at PageID.351. Plaintiff claims that he contributed "substantial personal funds" to the Fenkell Property and suffered direct harm, and that even though the property is legally titled to Carrington Enterprises LLC, his case "warrants standing under the *Direct Injury Exception.*"³ *Id.* Plaintiff also requests that the Court grant him leave to amend his Complaint to include Carrington Enterprises LLC as a co-plaintiff.⁴ *Id.* at PageID.352.

The Court rejects these contentions. First, Plaintiff's failure to raise these arguments before Magistrate Judge Grand means that they are waived. *See Byron Acquisition, LLC v. VanPortfliet*, No. 1:11-cv-696, 2012 WL 333824, at *1 (W.D. Mich. Feb. 1, 2012) (stating that because a party "did not raise this issue before the Magistrate Judge, it is deemed waived.").

---

³ Plaintiff states that this exception was recognized in *Kaiser Aetna v. United States*, 444 U.S. 164 (1979). However, that case has nothing to do with any purported "direct injury exception." Rather, in that case, the Supreme Court held that even though a marina fell into the definition of "navigable waters of the United States," the Government could not open it to the public without compensating the owners of the marina. *Id.* at 171–73.

⁴ Plaintiff cites "*Scheib v. Crestview Local Sch. Dist.*, 353 F.3d 716, 719–20 (6th Cir. 2003)" for support, but this case does not exist.

5

Second, the "Direct Injury Exception," as Plaintiff calls it, is inapplicable to this case. A shareholder of a corporation generally may not assert claims "solely on the basis of his status" as a shareholder.[5] *Quarles v. City of East Cleveland*, 202 F.3d 269, at *3 (6th Cir. 1999) (table). But an exception to this rule exists where "the shareholder suffers an injury separate and distinct from that suffered by the other shareholders, or the corporation as an entity.[6] *Id.* (citing *Gaff v. Fed. Deposit Ins. Co.*, 814 F.2d 311, 315 (6th Cir. 1987)) (internal quotation marks omitted). In this case, Plaintiff has suffered no separate and distinct constitutional injury from the LLC or any other members; the injury resulting from Defendants' purported constitutional violations is one and the same for Plaintiff, the LLC, and the LLC's members.

Furthermore, Magistrate Judge Grand was clear that even if Plaintiff alleged facts that state a personal claim tangential to the purported constitutional violations—such as Plaintiff's breach of contract, promissory estoppel, intentional and negligent infliction of emotional distress, and negligence claims—he would recommend declining to exercise supplemental jurisdiction over them, given that

---

[5] This concept applies equally to LLCs and their members, as is the case here with Plaintiff and Carrington Enterprises LLC. *See Vaughn v. Taylor*, No. 2:21-CV-61, 2021 WL 6428005, at *4 (E.D. Tenn. June 15, 2021).

[6] The Court assumes that this is the exception Plaintiff attempts to invoke. As noted, the case Plaintiff cited for the "direct injury exception" does not discuss any such exception.

Plaintiff lacks standing for all the federal claims. *See* ECF No. 41, PageID.346 n.7. The Court agrees with this outcome. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial… the state claims should be dismissed as well.").

Third, the Court denies Plaintiff's request to amend his Complaint to join his business, Carrington Enterprises LLC, as a co-plaintiff. Rule 17 of the Federal Rules of Civil Procedure states that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "In deciding whether to allow a real party in interest to substitute into an action for the named plaintiff, the Court considers whether there has been an honest mistake as opposed to tactical maneuvering, unreasonable delay, or undue prejudice to the non-moving party." *Tool-Plas Sys. v. Camaco, LLC*, No. 09-12003, 2010 U.S. Dist. LEXIS 32750, at *4–*5 (E.D. Mich. Mar. 31, 2010).

"The determination of a 'reasonable time' for the real party in interest to take action is a matter of judicial discretion." *Toledo v. CSX Transp., Inc.*, No. 3:16-CV-475-TAV-DCP, 2018 U.S. Dist. LEXIS 174265, at *13 (E.D. Tenn. Oct. 10, 2018) (citations omitted). Courts have found that months-long delays in moving to join a real party in interest, after notice that the real party in interest should be joined, go

beyond "a reasonable time" under Rule 17. *See Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, No. 09-14975, 2012 U.S. Dist. LEXIS 12154, at *15 (E.D. Mich. Feb. 1, 2012) (stating that "[t]he Court finds that several months constitutes a reasonable period of time during which… Plaintiff could have filed a motion to amend its Complaint[,]" and holding that the plaintiff's failure to do so warranted dismissal); *Toledo*, 2018 U.S. Dist. LEXIS 174265, at *15–*16 (finding that 14 months was more than a reasonable time to move to join the real party in interest); *Taylor v. DLI Props., LLC*, No. 15-13777, 2018 U.S. Dist. LEXIS 213407, at *6 (E.D. Mich. Dec. 19, 2018) (finding that 7 months was more than a reasonable time to join the real party in interest); *Cosby v. Citimortgage, Inc.*, No. 15-11967, 2015 U.S. Dist. LEXIS 190214, at *2–*3 (E.D. Mich. Sept. 10, 2015) (finding that 3 months was more than a reasonable time to join the real party in interest).

Here, Defendant DBSEED first raised the real party in interest issue in its Motion to Dismiss on March 5, 2024. *See* ECF No. 11. Defendant Homrich raised the issue in its own Motion to Dismiss on March 18, 2024. *See* ECF No. 21. As such, Plaintiff has had nearly a year since notice of this issue to move for the joinder of Carrington Enterprises LLC, or for Carrington Enterprises LLC to intervene in the case. Yet Plaintiff did not request to amend his Complaint until January 24, 2025. *See* ECF No. 42, PageID.352. Plaintiff received a reasonable amount of time to correct this issue and did not do so. Allowing Plaintiff to amend his Complaint at

8

this time would unduly prejudice Defendants, *see Toledo*, 2018 U.S. Dist. LEXIS 174265, at *15–*16, and any ignorance of his need to do so "is not an excuse or a reasonable mistake." *Taylor*, 2018 U.S. Dist. LEXIS 213407, at *6.

Therefore, this objection is overruled.

### c. Objection III: Reliance on Public Records and Resolution of Factual Disputes

In Plaintiff's third objection, he argues that Magistrate Judge Grand improperly resolved factual disputes at the motion to dismiss stage by relying on the public records that Defendant Homrich provided, which include a quitclaim deed to the Fenkell Property and Wayne County property tax information for the Fenkell Property. ECF No. 42, PageID.352. Plaintiff states that he questions the accuracy of the records and notes that the quitclaim deed "lists multiple entities, raising questions about exclusive ownership." *Id.* Plaintiff further contends that consideration of these documents is improper at the motion to dismiss stage. *Id.*

The Court rejects these contentions. First, the fact that the quitclaim deed lists multiple entities does not affect the fact that Plaintiff lacks standing to assert the constitutional claims in this case, because Plaintiff is not one of the owners of the property. Second, Magistrate Judge Grand's consideration of these documents was proper. A court is free to consider publicly available documents when ruling on a 12(b)(6) motion. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th

9

Cir. 2008).[7] Third, Plaintiff's dispute about the accuracy of the public records should have been raised in his response to Defendants' Motions to Dismiss. Plaintiff's failure to raise the issue before the Magistrate Judge resulted in its waiver. *See Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (stating that a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate.").

Therefore, this objection is overruled.

### d. Objection IV: *Pro Se* Litigant Considerations

Plaintiff's fourth objection argues that Magistrate Judge Grand failed to account for his *pro se* status when evaluating the procedural deficiencies in this case. *See* ECF No. 42, PageID.353. Plaintiff requests the Court to extend the time for service of Defendant DLBCDC and to allow reasonable amendments to his Complaint to address standing concerns. *Id.*

The Court rejects this objection. "Overly general objections [to a magistrate judge's R&R] do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Objections must be specific enough to "focus the busy district

---

[7] This would be true even if the Court applied Rule 12(b)(1) instead of Rule 12(b)(6). Indeed, there is no limitation on what a court may consider when ruling on a Rule 12(b)(1) motion that attacks the factual existence of subject matter jurisdiction. *Ritchie*, 15 F.3d at 598.

court's attention on only those issues that were dispositive and contentious." *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections that allege that a magistrate judge failed to treat a *pro se* party leniently are overly generalized. *See, e.g.*, *Tucker v. Corizon Corr. Healthcare, Inc.*, No. 2:19-cv-170, 2022 WL 950023, at *1 (W.D. Mich. Mar. 30, 2022). In addition, Plaintiff's failure to raise this issue before the Magistrate Judge resulted in its waiver. *See Enyart*, 29 F. Supp. 3d at 1070.

Furthermore, the Court has already rejected the contention that Plaintiff should get a chance to amend his Complaint. Similar reasoning applies to Plaintiff's request for an extension of time to effectuate service. Rule 4(m) of the Federal Rules of Civil Procedure states that if a plaintiff shows good cause for the failure to effectuate service within the time allotted, the court must extend service for an appropriate period. Fed. R. Civ. P. 4(m). Here, Plaintiff had notice that he failed to properly serve DLBCDC at least from the date that DLBCDC moved to dismiss the action on that basis, but Plaintiff never attempted to ensure service was properly effectuated. *See Staub v. Nietzel*, No. 22-5384, 2023 WL 3059081, at *9 (6th Cir. Apr. 24, 2023) (finding that the plaintiff did not have good cause where he failed to take any action to ensure service was effectuated and never followed up with the U.S. Marshals, who were supposed to serve process). Plaintiff's reliance on mere

"equitable considerations"—his *pro se* status—is insufficient to demonstrate good cause. *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992).

A court still has discretionary authority to extend time for service of process even where good cause is not shown. The factors a court should consider when making a discretionary extension of time are:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

In view of these factors, the Court concludes that a discretionary extension for service of process is not warranted. An extension would be well beyond the original time for service of process, which was due by February 21, 2024 per Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m). Plaintiff plainly was not diligent in effecting proper service of process. And the Court's refusal to extend time for service would not substantially prejudice Plaintiff, given that his causes of action are not yet time-barred. *See* Mich. Comp. Laws §§ 600.5805, 600.5807. Although

Plaintiff is *pro se*, a year's worth of additional latitude to effect service—when Plaintiff was put on notice of issues with service almost a year ago—is not reasonable. The Court is not persuaded that Plaintiff's *pro se* status, DLBCDC's notice of the lawsuit, or DLBCDC's lack of prejudice (aside from the inherent prejudice of defending the suit) overcome these countervailing considerations.

Therefore, this objection is overruled.

### e. Objection V: Economic and Emotional Damages

Plaintiff's fifth objection argues that Magistrate Judge Grand's recommendation failed to adequately consider Plaintiff's distinct claims for economic and emotional damages, stemming from Plaintiff's financial losses and his emotional distress.[8] ECF No. 42, PageID.353. However, Magistrate Judge Grand did consider these claims. Magistrate Judge Grand concluded that Plaintiff lacks standing to bring the constitutional claims and that supplemental jurisdiction should not be exercised over the state-law claims.

Therefore, this objection is overruled.

---

[8] Plaintiff cited a case, *Hilliard v. City of Ferndale*, 535 F. Supp. 2d 837, 842 (E.D. Mich. 2008), for the contention that arbitrary demolition can cause significant emotional harm. This case does not exist.

13

### f. Objection VI: Discovery

Plaintiff's sixth objection is that dismissing the case without permitting discovery is "premature and prejudicial given the existence of factual disputes." *Id.* at PageID.354. Plaintiff states that discovery is needed to determine how the demolition orders were issued in this case, the ownership of the Fenkell Property, and Defendants' internal communications about the Fenkell Property. *Id.* However, Plaintiff's objection overlooks the fact that Magistrate Judge Grand recommended dismissal not on a factual basis, but rather on a *legal* basis: Plaintiff does not have standing to bring constitutional claims and the Court should not exercise supplemental jurisdiction over his state law claims. There is no factual dispute to be resolved pertaining to that legal reasoning.[9]

Therefore, this objection is overruled.

---

[9] To the extent Plaintiff argues that there is some factual dispute about whether he owns the Fenkell Property, Defendants provided deed and tax records demonstrating that Plaintiff has no property interest in that property. Plaintiff had an opportunity to demonstrate his ownership of that property by providing his own evidence of ownership to the Magistrate Judge, but did not do so. Indeed, Plaintiff seems to admit elsewhere in his Objections that he does not own the Fenkell Property. *See* ECF No. 42, PageID.351 ("While the property is legally titled to Carrington Enterprises, LLC…"). Plaintiff's failure to contradict Defendants' evidence before the Magistrate Judge resulted in waiver of this issue. *See Enyart*, 29 F. Supp. 3d at 1070.

### g. Objection VII: Public Policy Concerns

Plaintiff's final objection is that dismissing the case undermines public confidence in the judicial system's ability to address grievances, and that allowing procedural deficiencies to preclude substantive review of his claims risks encouraging arbitrary and capricious behavior by government entities. *Id.* at PageID.354–55.

This objection is overly generalized. It does not focus the Court's attention "on only those issues that were dispositive and contentious." *Howard*, 932 F.2d at 509. Rather, it is a grievance about the entirety of Magistrate Judge Grand's recommendation and the general effect it could have on society. Regardless, the issue of standing is not merely procedural, but instead goes to the power of the Court to hear this case at all. Federal case law is also clear that state law claims should generally be dismissed if federal claims are dismissed before trial. *United Mine Workers of Am.*, 383 U.S. at 726.

Therefore, this objection is overruled.

### III. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that:

1. Magistrate Judge Grand's R&R [ECF No. 41] is **ACCEPTED and ADOPTED;**

2. Plaintiff's Objections [ECF No. 42] are **OVERRULED;** and

3. Defendants' Motions to Dismiss [ECF Nos. 11, 16, 21] are **GRANTED.**

    Specifically:

    a. Counts I–II of the Complaint, which are constitutional claims, are **DISMISSED WITH PREJUDICE;**

    b. Counts III–VI of the Complaint, which are state law claims, are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated: February 27, 2025              /s/Gershwin A. Drain
                                       GERSHWIN A. DRAIN
                                       United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon parties and attorneys of record on February 27, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager